UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 10-24082-CIV-GRAHAM

**CLOSED CIVIL CASE**

KAREN GUTIERREZ and
JACOB-FRANZ DYCK,

    Plaintiffs,

vs.

CHASE HOME FINANCE, LLC et.al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court <u>sua sponte</u>.

**THE COURT** has reviewed the pertinent portions of the record and is otherwise fully advised in the premises.

Plaintiffs have filed a two hundred and seven page Temporary Restraining Order, triggering the opening of this new civil action. Although not listed on the civil cover sheet, Plaintiff Jacob Franz Dyck has filed at least three very similar actions in this district in the past month. See <u>Diaz v. Deutsche Bank</u>, 10-cv-24083-KMM; <u>Famada v. Dyck</u>, 10-cv-24085-AJ and <u>Vasquez v. Aurora Loan Servs. LLC</u>, 10-cv-24086-JLK. Upon a review of the pleadings, the Court finds that the allegations are frivolous and do not appear to state a claim.

Plaintiffs are proceeding <u>pro se</u> in this matter. <u>Pro se</u> complaints are held to less stringent standards than formal pleadings drafted by lawyers. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106

(1979) (quoting <u>Haines v. Kerner</u>, 404 US. 519, 520-21 (1972)). Nevertheless, factual allegations must be enough to raise a right to relief above the speculative level and a complaint may be dismissed if it does not state a plausible claim to relief. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964 (2007). Moreover, a plain statement of the claim must give the defendant fair notice of what the claim is and the grounds upon which it rests. <u>Twombly</u>, 127 S. Ct. at 1964 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Plaintiffs' action fails to provide the Defendants with a plain statement of their claims.

In addition, the Court finds the action frivolous. The Eleventh Circuit has recognized the inherent power of courts to dismiss frivolous suits without giving notice to the parties, and has noted that this broad, inherent power, not based on statute, applies to actions that are a . . . sham; frivolous; harassing and vexatious; vexatious; [or] brought in bad faith. <u>Jefferson Fourteenth Assoc. v. Wometco de Puerto Rico, Inc.</u>, 695 F.2d 524, 526 & n.3 (11th Cir. 1983).

Accordingly, the Court finds that the action must be dismissed for failure to state a claim upon which relief can be granted and because it is frivolous. Based thereon, it is hereby

**ORDERED AND ADJUDGED** that this action [D.E. 1] is **DISMISSED**. It is further

**ORDERED AND ADJUDGED** that Plaintiffs may not file their

Complaint again without noting the duplicate actions on their cover sheet or they will be sanctioned.

**ORDERED AND ADJUDGED** that this case is **CLOSED** and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of November, 2010.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Karen Gutierrez, Pro Se
    Jacob Franz Dyck, Pro Se